IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANICE HOLDER, § § Plaintiff, § § v. § § UNITED OF OMAHA LIFE § INSURANCE COMPANY, § § Defendant. § | Civil Action No. 3:11-0571 Judge Haynes/Bryant |

### INITIAL ~~JOINT-PROPOSED~~ CASE MANAGEMENT ORDER

Now come Plaintiff Janice Holder ("Plaintiff") and Defendant United of Omaha Life Insurance Company (the "Defendant") and file this joint report of the parties' meeting, pursuant to Fed. R. Civ. P. 26.

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 3, 2011, via telephone conference, and was attended by R. Scott Wilson for Plaintiff, Cameron S. Hill for the Defendant.

2. Jurisdiction is not disputed. The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).

3. Initial Disclosures. Defendant asserts that this case is excluded from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on the basis that this is "an action for review on an administrative record." Fed.R.Civ.P. 26(a)(1)(E)(i). "Plaintiff disputes that an ERISA action is exempt from initial disclosures, as it is not truly a review of an administrative agency decision. See *Crume v. Metropolitan Life Ins. Co.* 388 F.Supp.2d 1342 (M.D. Fla., 2005); *Hamma v. Intel Corp.*, 2008 U.S.Dist.LEXIS 22670 (E.D. Cal. March 4, 2008)." Nonetheless, the parties agree that the service of the ERISA administrative record by the

Defendant on the Plaintiff will satisfy the requirements of service of initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure. Defendant shall file and serve the Administrative Record in this case in accordance with the schedule set forth in paragraph 4.C below.

    4. Discovery Plan. As limited below, the Parties jointly propose to the court the following discovery plan:

    A. No party has served discovery at this time.

    B. Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. §1132(a)(1)(B), and as such the Court's review is limited to a review of the administrative record before the claim decision-maker at the time the decision to deny benefits was made. Defendant contends that discovery is permitted only after an initial showing demonstrating the existence of bias or some procedural irregularity. Defendant further contends that no discovery is needed or appropriate. Defendant contends that discovery is permitted only after an initial showing demonstrating the existence of bias or some procedural irregularity. Plaintiff acknowledges that the record is closed with respect to additional evidence of disability but argues that Sixth Circuit precedent leaves open the possibility of discovery and the court's consideration of evidence of bias or violation of due process on the part of the decision-maker. Moreover, Plaintiff points out that there is always the possibility that the parties will disagree as to what constitutes the ERISA administrative record. To address these concerns, the Parties propose the following schedule with respect to discovery.

    C. Defendant shall file the Administrative Record with Court and serve a copy of same on Plaintiff no later than August 29, 2011. Should Plaintiff have any objection to the content of the filed Administrative Record, such written objection shall be filed on or before September 30, 2011.

    D. The Parties will endeavor to resolve any discovery disputes between themselves, prior to involving the Court.

    E. Should Plaintiff seek to take any limited discovery as may be allowed in an ERISA action, the Plaintiff shall serve such proposed discovery on or before September 30, 2011. Plaintiff's service of discovery shall not be considered a waiver by Defendant of the propriety of or acceptance of discovery, either generally or as to specific discovery requests.

    F. The Defendant shall (i) respond to the proposed discovery or (ii) notify Plaintiff in writing that Plaintiff is not entitled to conduct the proposed discovery or that all or a

portion of the proposed discovery is outside the bounds of discovery permitted in a claim seeking the recovery of an ERISA benefit by no later than October 31, 2011.

    G. Should the Parties be unable to agree as to any proposed discovery, Plaintiff shall file a motion requesting leave to serve the proposed discovery with the Court by no later than November 18, 2011.

    H. Nothing it this discovery plan will be considered as a concession from or waiver by the Defendant that discovery is allowable in an ERISA benefits claim.

5.     Other Items.

    A. The Parties do not request a conference with the Court before entry of the scheduling order.

    B. The Parties do not anticipate any need to amend the pleadings or to join additional parties. In the event that joinder or amendment is necessary, Plaintiff should be allowed until September 30, 2011 to join additional parties and to amend the pleadings; Defendants should be allowed until October 31, 2011 to join additional parties and to amend the pleadings.

    C. This is a claim for ERISA benefits under 29 U.S.C. §1132(a)(1)(B), and will thus ultimately be decided on the Parties' respective motions for judgment, pursuant to *Wilkins v. Baptist Healthcare*, 150 F.3d 609 (6th Cir. 1998). All *Wilkins* motions for judgment should be filed by December 16, 2011, or if any motions concerning discovery remains pending with the Court on that date, within sixty (60) days after resolution of discovery motions and the close of discovery. Responses to motions for judgment are due within 21 days of said motions being filed, or by January 6, 2012, whichever date occurs first. Reply briefs will be allowed only as in accordance with local rules.

    D. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

    E. Settlement possibilities are unknown at this time. The parties intend to explore settlement negotiations in good faith.

    F. A trial is not permitted in this civil action under ERISA. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 617-20 (6th Cir. 1998). Therefore, final lists of witnesses and exhibits under Rule 26(a)(3) are not necessary in a claim for ERISA benefits, as the case will be decided on cross-motions for summary judgment.

Date: August 3, 2011

It is so ORDERED:

    *s/ John S. Bryant*
    JOHN S. BRYANT
    U.S. Magistrate Judge